# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHS/COMMUNITY HEALTH SYSTEMS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:16-cv-00387 ) ) Judge Sharp |
| WILLIA LEDFORD, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM

Plaintiff CHS/Community Health Systems, Inc. ("CHS") brings an ERISA claim under 29 U.S.C. § 1132(a)(3) against Defendant Willia Ledford. The Verified Complaint, (Docket No. 1), alleges that Defendant violated the terms of the Community Health Systems Group Health Plan[1] ("Plan") by failing to cooperate with CHS to protect CHS's rights and reimburse CHS to the extent of benefits paid out in the amount that Defendant received.

Defendant has filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 22). Plaintiff has filed a Response in Opposition, (Docket No. 31), to which Defendant has replied, (Docket No. 32). For the reasons set forth below, the Court will deny Defendant's Motion.

## BACKGROUND

The facts, as alleged in the Complaint, are as follows:

Plaintiff is the Sponsor and Administrator of the Plan, which is self-funded and covered by ERISA. (Docket No. 1 at 1, ¶ 2). Defendant was injured in a slip-and-fall accident at a

---

[1] This document refers to the 2014 Community Health Systems Group Health Plan Summary Plan Description HCR ("SPD"), which is the only plan document before this Court.

1

Marriott Hotel in New York City on July 14, 2014. (Id. at 2, ¶ 10). Plaintiff paid medical benefits on Defendant's behalf in the amount of $22,795.36. (Id. at 2, ¶ 11). Defendant settled her claims arising out of the accident for at least $400,000. (Id. at 4, ¶ 13). Plaintiff requested that Defendant reimburse it in the amount of $22,795.36 pursuant to the terms of the SPD, but Defendant refused. (Id. at 5, ¶ 14).

This suit followed.

## LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the Court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002) (citation omitted). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "However, 'a legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." Fritz, 592 F.3d at 722 (quoting Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009)). Further, in determining whether a complaint sets forth a plausible claim, a court not only may consider the allegations, but "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." Ley v. Visteon Corp., 543 F.3d 801, 805 (6th Cir. 2008) (internal quotation marks omitted) (quoting Wyser–Pratte Mgmt. Co. v. Telxon Corp., 413 F.3d 553, 560 (6th Cir. 2005)).

**ANALYSIS**

Defendant raises two arguments to support her Motion to Dismiss. She argues that Plaintiff has no right to reimbursement because the SPD Plaintiff provided is not legally binding or part of the benefit plan. Defendant also argues that, even if the SPD is legally binding, Plaintiff does not have a claim for reimbursement because Plaintiff has not fulfilled the conditions that give rise to a reimbursement claim.

**I.  Plaintiff's Reimbursement Claim is Not Barred Because the SPD is Legally Binding**

Defendant argues that Plaintiff's reimbursement claim must fail because it is premised upon provisions in the SPD, which is not legally binding. In essence, Defendant argues that Plaintiff cannot rely on the SPD to grant it a reimbursement right; Plaintiff should have produced, instead, an actual plan document. (Docket No. 23 at 11-12; Docket No. 32 at 4-5).

In response to Defendant's argument, Plaintiff contends that the SPD is legally binding by highlighting its introduction. (Docket No. 31 at 2 n.2). The introduction states in pertinent part that "[t]his document serves as a written plan document and summary plan description ('SPD') of the Community Health Systems Group Health Plan (the 'Plan') with respect to certain benefit packages provided under the Plan." (Docket No. 1-3 at 6).

Defendant's argument would be availing only if an SPD cannot be a legally binding document under any circumstances. However, that is not the case.

In keeping with the Supreme Court's decision in CIGNA Corp. v. Amara, the Sixth Circuit has recognized "that SPDs are not 'legally binding,' 'nor "parts" of benefit plans themselves.'" Engleson v. Unum Life Ins. Co. of Am., 723 F.3d 611, 620 (6th Cir. 2013) (citing Moore v. Menasha Corp., 690 F.3d 444, 455–56 (6th Cir. 2012) (citing Amara, 131 S.Ct. 1866, 1877–78). However, in Board of Trustees v. Moore, the Sixth Circuit provided a circumstance

in which an SPD can be legally binding. 800 F.3d 214, 220 (6th Cir. 2015). In Moore, the court noted that the decision in Amara turned on the fact that there existed two documents – the SPD and the plan itself – with conflicting terms. 800 F.3d at 219-20 (construing Amara to say that "if the language in a SPD conflicts with the language in an ERISA plan, a district court is required to enforce 'the terms of the plan'"). But, the Moore court recognized that a single document could serve as both the SPD and the plan itself. Id. at 220 ("Nothing in Amara prevents a document from functioning both as the ERISA plan *and* as the SPD, if the terms of the plan so provide") (italics in the original). In Moore, no separate plan document existed at all, and the Sixth Circuit accepted the assertion that the SPD had been adopted as the plan document. Id. at 219. The court also suggested that an SPD could form part of the plan, creating enforceable rights, where a plan document expressly incorporates the SPD. Id. at 220.

Here, Plaintiff proffers an SPD that calls itself both the SPD and plan document. (Docket No. 1-3 at 6). Plaintiff contends that the SPD "therefore serves as both the master plan document and summary plan description, similar to the circumstances presented in Board of Trustees v. Moore, 800 F.3d 214 (6th Cir. 2015)." (Docket No. 31 at 2 n.2). Thus far, Plaintiff has offered no other plan documents. (Docket No. 23 at 11). It is not clear whether another plan document exists or, if it does, whether it expressly incorporates the SPD. However, because Plaintiff alleges that the SPD serves as both the SPD and plan document itself, this Court – drawing all reasonable inferences in favor of Plaintiff at this stage – accepts Plaintiff's allegation that the SPD is legally binding. For that reason, Plaintiff's reimbursement claim does not fail for being premised on provisions in the SPD.

## II. Plaintiff Has Stated a Claim for Reimbursement Under the SPD

This Court now turns to Defendant's argument that Plaintiff does not have a claim for reimbursement because Plaintiff has not fulfilled the conditions that give rise to a claim for reimbursement. Defendant points to a provision in the SPD entitled "Acts of Third Parties" as governing Plaintiff's reimbursement claim. (Docket No. 23 at 2). It states:

> **Acts of Third Parties**
> Medical Care benefits are not payable to or for a person covered under the Plan when the Injury or Illness to the Covered Person occurs through the act or omission of another person. However, the Plan may elect to advance payment for Medical Care expenses incurred for an Injury or Illness in which a third party may be liable. For this to happen, the Covered Person *may be required to sign an agreement with the Plan to pay in full any sums advanced to cover such expenses from the judgment or settlement he or she receives which are identified as amounts paid for Medical Care expenses*.

(Docket No. 1-3 at 66) (emphasis added). In light of that provision, Defendant contends that, in order for Plaintiff to have a right to be reimbursed for the benefits it paid out to Defendant, Plaintiff must have executed a separate agreement with Defendant to reimburse the plan and any judgment or settlement Defendant received must have identified some portion of it as amounts paid for medical expenses. (Docket No. 23 at 2). Because Plaintiff did not execute a separate agreement and no portion of Defendant's settlement was designated as compensation for medical expenses, Defendant asserts that Plaintiff has no claim. (Id. at 2-3).

Plaintiff says a different section of the SPD governs its right to reimbursement. (Docket No. 31 at 4-5). That section is entitled "How does the Plan process Subrogation Claims, its Right of Reimbursement, and its Right of Offset? What are the Plan's rights in your recovery from a third party?" (hereinafter "Subrogation and Reimbursement provision"). (Docket No. 1-3 at 47). Some terms Plaintiff points to in that section are:

> A third party (including an insurer or other employee benefit plan) may be liable for, legally responsible for, and/or may pay for expenses incurred by a Covered

5

> Person for an Illness, a sickness, or a bodily Injury. Benefits may also be payable or paid under this Plan for such expenses. When this happens, the Plan Administrator may, at its option: . . . In addition, recover from the Covered Person any benefits paid under the Plan that the Covered Person is or may be entitled to receive from the third party (or any insurer or other employee benefit plan) ("Right of Reimbursement") first *regardless of whether any recovery is characterized as a recovery for medical, dental, or vision expenses or otherwise*.

(Id. at 47-48) (emphasis added).

### A. This Court does, without deciding it must, a *de novo* review to determine the provision of the SPD that governs Plaintiff's right to reimbursement

The parties disagree about the standard of review this Court should use to decide which provision of the SPD governs Plaintiff's right to reimbursement. Defendant argues that this Court should review the provisions at issue *de novo*, not giving deference to Plaintiff's reading of the SPD. (Docket No. 23 at 9). Plaintiff contends that this Court should defer to its Administrative Committee's reasonable interpretation of the SPD, which is that the Subrogation and Reimbursement provision controls in reimbursement disputes. (Docket No. 31 at 4-5). This Court need not decide whether Plaintiff's Administrative Committee's interpretation should get deference because, even under the stricter *de novo* standard of review, this Court finds that the Subrogation and Reimbursement provision governs Plaintiff's right to reimbursement.

### B. Plaintiff has stated a claim for relief under 29 U.S.C. § 1132(a)(3)

29 U.S.C. § 1132(a)(3) provides in part that a fiduciary, which Plaintiff is, (Docket No. 1 at 1, ¶ 2), may bring a civil action to obtain appropriate equitable relief to enforce the terms of the plan. Therefore, whether Plaintiff has stated a claim for relief under 29 U.S.C. § 1132(a)(3) depends on the terms of the SPD with respect to Plaintiff's right to reimbursement.

When a plan is governed by ERISA, federal courts apply federal common law rules of contract interpretation to interpret plan provisions. U. Hospitals of Cleveland v. S. Lorain Merchants Ass'n Health & Welfare Benefit Plan & Trust, 441 F.3d 430, 437 (6th Cir. 2006)

(quoting Perez v. Aetna Life Insurance Co., 150 F.3d 550, 556 (6th Cir. 1998)). "The federal common law as expressed by other circuits requires that the terms of an ERISA plan be interpreted in an ordinary and popular sense, and that any ambiguities in the language of the plan be construed strictly against the drafter of the plan." Regents of U. of Michigan v. Employees of Agency Rent-A-Car Hosp. Ass'n, 122 F.3d 336, 339–40 (6th Cir. 1997) (citing Phillips v. Lincoln Nat'l Life Ins. Co., 978 F.2d 302, 307–08 (7th Cir. 1992)). "Courts must give effect to all words, phrases, and clauses in interpreting a contract, avoiding interpretations that would render any part of the contract surplusage or nugatory." Tabernacle-The New Testament Church v. State Farm Fire & Cas. Co., No. 14–2160, 616 F. App'x. 802, at *808 (6th Cir. June 22, 2015) (citing Klapp v. United Ins. Grp. Agency, Inc., 468 Mich. 459, 663 N.W.2d 447, 453 (2003)).

Under a *de novo* review, this Court finds that the terms of the SPD do not premise Plaintiff's right to reimbursement on the execution of a separate agreement with Defendant and the designation of a portion of settlement funds as medical care expenses. Defendant argues that this Court's reading of the SPD must give effect to the language in the "Acts of Third Parties" section by requiring a separate agreement lest the Court render that section meaningless. (Docket No. 23 at 3). Defendant contends that Plaintiff does not have an automatic right to reimbursement not limited only to portions of a recovery identified for medical expenses. (Id.). It is illogical for Plaintiff to have reserved the option to execute a separate agreement if the right to reimbursement is automatic and unlimited, Defendant reasons. (Docket No. 32 at 2). Defendant also points to terms[2] under the Subrogation and Reimbursement provision as anticipating the execution of a separate agreement. (Docket No. 23 at 9). Finally, Defendant

---

[2] "The Covered Person must cooperate fully with the Plan Administrator in asserting the Plan's Right of Reimbursement, *sign and return to the Plan Administrator any documents requested by the Plan Administrator in order to enforce the Plan's Right of Reimbursement . . . .*" (Docket No. 1-3 at 48) (emphasis added).

7

argues that because language under the "Acts of Third Parties"[3] conflicts with language under the Subrogation and Reimbursement provision[4], this Court must construe the SPD's language against Plaintiff as the drafter. (Id. at 8; Docket No. 32 at 2-4). Even if no separate agreement were required, Plaintiff could be reimbursed only for amounts identified as medical expenses in Defendant's settlement. (Docket No. 32 at 2-4). Because there was no separate agreement and no portion of Defendant's settlement was designated as medical expenses, Defendant argues that Plaintiff has no right to reimbursement. (Docket No. 23 at 2-3).

This Court interprets the SPD more simply than Defendant does. The Court does not read the "Acts of Third Parties" and the Subrogation and Reimbursement provision as being in conflict. The Sixth Circuit recognizes the use of the word "may" as optional. See Smith v. Aegon Companies Pension Plan, 769 F.3d 922, 932 (6th Cir. 2014) ("ERISA's venue provision is permissive: suit 'may be brought' in one of several districts."); see also Dorris v. Absher, 179 F.3d 420, 429 (6th Cir. 1999) (citations omitted) ("The use of the term 'may' in a statute is generally construed as permissive rather than as mandatory."). The "Acts of Third Parties" plainly says that Plaintiff *may* require Defendant to sign an agreement. (Docket No. 1-3 at 66). In other words, Plaintiff was at liberty not to execute a separate agreement with Defendant. Because the language about settlement amounts identified as medical care expenses comes in as a term of the *optional* separate agreement, a portion of Defendant's settlement need not have been designated as medical care expenses in order for Plaintiff to have a right to reimbursement.

---

[3] "[T]he Covered Person may be required to sign an agreement with the Plan to pay in full any sums advanced to cover such expenses from the judgment or settlement he or she receives *which are identified as amounts paid for Medical Care expenses*." (Docket No. 1-3 at 66) (emphasis added).

[4] "In addition, recover from the Covered Person any benefits paid under the Plan that the Covered Person is or may be entitled to receive from the third party (or any insurer or other employee benefit plan) ("Right of Reimbursement") first *regardless of whether any recovery is characterized as a recovery for medical, dental, or vision expenses or otherwise*." (Docket No. 1-3 at 48) (emphasis added).

This Court views the inclusion of the terms Defendant highlights under "Acts of Third Parties" and the Subrogation and Reimbursement provision as an additional measure Plaintiff took to safeguard its right to reimbursement. But those terms do not impose any requirements on Plaintiff.

Interpreting the SPD as Defendant wishes would render some of the extensive Subrogation and Reimbursement provision meaningless, as it states in part that Plaintiff is entitled to get reimbursed "regardless of whether any recovery is characterized as a recovery for medical, dental, or vision expenses or otherwise." (Id. at 48). The interpretation this Court adopts does not, however, render the "Acts of Third Parties" section meaningless given that that section describes optional actions Plaintiff may take. Thus understood, the SPD requires neither a separate agreement nor settlement funds designated as medical care expenses.

## CONCLUSION

Plaintiff has sufficiently stated a claim for relief under 29 U.S.C. § 1132(a)(3). Accordingly, this Court denies Defendant's Motion to Dismiss, (Docket No. 22). An appropriate order will be entered.

*(signature)*
_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE